The next case this morning is number 5-20-0119, Schultz v. Beaucoup Township Road District. Arguing for the appellant, Shirley Schultz, is John Beckham. Arguing for the appellee, Beaucoup Township Road District, is Matthew Kelly. The side will have up to 20 minutes for their argument. The appellant will also have five minutes for rebuttal. You will see the digital timekeeping device on my screen. When time has expired, I will bang the gavel. Finally, please remember no photographs and only the clerk of the court is permitted to record these proceedings today. Council, for the appellant, you may proceed. Thank you, may it please the court. Council, good morning, your honors, I apologize. I look like an amateur weatherman this morning, but hopefully it's not too distracting. The scope of why we're here today is fairly limited. Would you state your name, please? It's John Beckham for the plaintiffs. And then the scope of why we're here today is fairly limited. In 2019-11, filed in Washington County, the trial court dismissed both counts of the plaintiff's complaint on the basis that they believe both counts were barred by race judicata. As this court is aware, there are three necessary elements for dismissing a cause of action pursuant to race judicata. That is one, there's a final judgment on the merits. Two, there's identity of causes of action. And three, identity of parties. If any one of these elements is not met, race judicata does not apply. So starting with count one of the 2019 complaint, final adjudication on the merits. In our brief, we argue that there was no final adjudication as to the merits because the March 1st, 2019 order that granted the defendants motion to enforce settlement agreement only granted the motion and reserved the issue of attorney's fees. It did not dismiss the 2013 litigation. The case law signed in our brief illustrates that it is well settled, that a settled agreement is not a final adjudication, but only a recording of the party's agreement. If defendant wanted that motion to act as a final adjudication, they should have requested that the complaint be dismissed with prejudice pursuant to that agreement. However, they failed to request this relief in their motion to enforce settlement agreement. And the order likewise did not dismiss the complaint. Accordingly, the motion to enforce settlement agreement cannot be considered a final adjudication here where the complaint was never dismissed. It should be noted that the defendants in their brief on page five and six acknowledges that a settlement agreement is not a final adjudication. Instead, they argue that the judgment was final because the complaint was dismissed with prejudice. However, as I just stated prior, this is not the case. The 2013 complaint was never dismissed and it's still never been dismissed because the defendant never asked it to be. Where the defendant admits the settlement agreement is not a final adjudication unless the complaint was dismissed, the defendant has defeated their own argument when the complaint was in fact not dismissed. So there is no final adjudication as to count one in the 2019 litigation. Moving on to identity of causes of action. For the 2013 litigation, that case sounded in trespass as to the location of the curve of Arizona Road. Again, count one of the 2019 litigation sounds in breach of contract. The defendant in their brief argue that because the motion to enforce settlement agreement was filed in the 2013 case, the 2013 case also concerned a breach of contract. However, a motion within a case does not transform the original cause of action, which was for trespass. And again, specifically it was for trespass caused by the curve of Arizona Road lying outside of the original right-of-way. So the first two elements of racial dichotomy for count one were not met. And finally, the third element of identity of parties. Our argument regarding the identity of parties as to count one is in our brief. It comes down to one simple fact. Larry Schultz was not named as a party to the 2013 complaint, but he was included by the township as a party to the settlement agreement, which vested certain rights to him regarding that Arizona Road trespass, whether the defendant intended to vest these rights to him or not. The defendant does note in their brief on page six that by arguing that Larry was not a party to the 2013 litigation, while also arguing that Larry had a right to enforce the settlement agreement, we are trying to have our cake and eat it too. But I would propose that it is the defendant who's trying to have both ways. Either Larry Schultz had an interest in that 2013 litigation and thus should have been made a party, or he did not have an interest and he should not have been included in the settlement agreement. So all three elements for count one for racial dichotomy were not met here. We only need one of them not to be met or for racial dichotomy not to apply. Moving on to count two, again, the same reason there was no final adjudication as to count one, neither was there a final adjudication to count two. The trespassing count two concerned the placement of a ditch and the resulting erosion it caused. That ditch was built subsequent to the Arizona Road trespass and the settlement agreement that resulted from that trespass. Article one of the settlement agreement defines that initial trespass by labeling it as the encroachment. Specifically defines the encroachment as the portion of Arizona Road at the curve that lies outside the original right away. The settlement agreement is silent as to the ditch, the erosion, its location, maintenance, et cetera. The defendant even acknowledges  on the motion to dismiss on page R9 for the report of proceedings that the agreement, the settlement agreement, doesn't address the creation of the ditch. Instead, the defendant argued that the location of the ditch was adjudicated in the 2013 litigation. However, there's nothing in the record to that effect. The record is completely silent as to that 2013 litigation as it involves the ditch at issue now. As far as identity of causes of action, the trespass from the ditch and resulting erosion alleged in count two cannot be barred by racially codded here because it's a recurrent and ongoing harm. The case law cited in our brief clearly provides that the order granting the motion to enforce settlement agreement could not extinguish claims which did not yet exist at the time the settlement agreement was entered into, even if the conduct is related. It still constitutes a separate cause of action pursuant to Illinois case law. And specifically, that's that D. Last Corp. B. Ugent, 288, ILAP 3D, 216, 222 case. We would argue further that Illinois law is clear that the burden for establishing racial coda was the defendant's burden. In order to meet that burden, the Illinois Supreme Court has stated in Torcaso, the standard outdoor sales, 157, IL 2D 484, 491, that it must quote, either appear upon the face of the record or be shown by extrinsic evidence that the precise question or point was raised in determining the former suit. That is impossible here for two reasons. One, it is not establishing the record or extrinsic evidence because the record is completely lacking of what occurred at that hearing. Two, the trespass and resulting erosion complained of in the 2019 litigation occurred subsequent to the 2013 Arizona road trespass and the resulting settlement agreement. Thus, the trial court either failed to properly apply this burden or failed to construe the facts in a light most favorable to the plaintiff. If this court were to adopt the defendant's reasoning and argument, this court would effectively be barring plaintiffs from seeking any redress for any future trespass by the defendant. This is obviously an absurd result and one that is not supported by the terms of the settlement agreement. And really, the bulk of this dispute comes down to is this trespass one that could have been brought in the 2013 litigation? And it's not. It occurred subsequent to the filing of that complaint, obviously, and it occurred subsequent to the entering of the settlement agreement. And the settlement agreement itself is completely silent as to any issues regarding this ditch, its location, anything that involved the ditch, the settlement agreement is completely silent to it. So for these reasons, we believe that this case, the trial court's decision to dismiss this case should be reversed and be remanded for further proceedings. Unless your honors have questions, I would waive my remaining time while reserving the right for rebuttal. Thank you, counsel. Counsel, for I believe. Your honors, counsel Matt Kelly, on behalf of defendant Bocoup Township Road District, and perhaps that's correctly pronounced, Bocoup Township Road District. It's interesting that counsel for the Schultz's have raised for the very first time- I always heard it Buck-up. Is that the way it's pronounced? I believe that is how the locals pronounce it. You're right, Judge. I have a hard time following that pronunciation. But I believe that's the correct pronunciation. It's interesting, your honors, that for the first time, counsel for the Schultz's raised in this argument that the complaint wasn't actually dismissed in the original proceeding. The only reason that that matter has not been finally put to rest is because of issues associated with enforcement of the award of attorney's fees and costs. The judge's order entered in March of 2019 is as clear and unequivocal as it can be. Defendant's motion to enforce the settlement was granted. To suggest that there are any issues left associated with the enforcement of this settlement agreement is nonsense. The judge found that defendant had complied with all, the only three requirements defendant had in connection with the settlement agreement was to move the road, to pay for one half of the survey, and to provide plaintiffs with three stone markers. The judge found all of those three things had been done and that plaintiff nonetheless failed to dismiss their complaint. There is nothing left to decide in that matter. And to suggest that now deceased Larry Schultz was a signatory to the agreement at defendant's request, I wasn't counsel at that time, I'm not sure how it came that Mr. Schultz signed that settlement agreement, but he signed that settlement agreement. If he was dissatisfied with the judge's order, he and or Mrs. Schultz, they had the ability to appeal that decision to you all. They started that process and they failed to see that process through. The issues are exactly the same. The parties are the same. There has been a decision by the circuit court on the merits finding that defendant has complied with the terms of that settlement agreement and that plaintiff did not. There is nothing left to decide in connection with that matter. As far as count two, the ditch is addressed in exhibit A to the settlement agreement. It's outlined in exhibit A to the settlement agreement. Plaintiff's counsel admits in their complaint that that ditch was put in place shortly after the settlement agreement was entered into.  in January of 2017. The motion to enforce the settlement was not filed until March of 2018. Judge Emge's decision finding in favor of defendants with respect to that motion to enforce settlement was not decided until March of 2019. That ditch had been there as a part of the settlement agreement from the time the defendant undertook its obligations under that settlement agreement and plaintiffs also had an opportunity to argue those issues at the circuit court level before the judge made his decision. And if they were dissatisfied with that decision, their remedy was to file an appeal of that decision, not to pursue a new and different piece of litigation that addresses the same issues that were raised again and again and again by plaintiffs at the time of the prior litigation. It's defendant's position that both Judge Emge and Judge Gomrick were correct with respect to these matters, that this settlement agreement, any issues associated with the settlement agreement are long since over, said and done with. The new complaint is to trespass if it's with respect to a ditch that was constructed in early 2017, those issues are also put to rest. I'm not suggesting that plaintiffs don't have the ability to pursue claims for future trespass issues, but that would be future trespass issues, not trespass issues that had arisen and were in existence at the time the motion to enforce settlement was argued, heard, and decided by Judge Emge. For that reason, defendant would respectfully request that you affirm the decision of Judge Gomrick in all respects, thank you. Thank you, counsel. Any questions from the justices? No. Rebuttal. Thank you, your honor. Just a couple of things. First, I don't agree with Mr. Kelly that the issue of this ditch was settled or adjudicated by the settlement agreement. The settlement agreement is extremely clear as to what the encroachment is defined as, and again, it is defined as being the curve of Arizona Road that lies outside of the right-of-way. And when I look at this sketch that was attached to the settlement agreement, it looks to me like this was the location of the ditch as it existed prior to the moving of the curve of Arizona Road. Because if you look at the ditch specifically on the south side of Arizona Road, it looks like the ditch itself on the survey lies outside of the right-of-way line. So clearly, the parties couldn't possibly have agreed that the location of the ditch would be outside of the existing right-of-way. That's what this whole dispute was about. So I think characterizing the ditch that occurred and the resulting erosion as being handled as settlement agreement is mistaken. And furthermore, we cite in our brief about how ongoing and recurrent trespasses can never be barred by ratio decata. And that certainly would be the case here where you have a ditch that is continuing to worsen as far as erosion, the buildup of brine. This is a trespass that's going to continually get worse until it's addressed. So I think it'd be impossible for count two to be barred by ratio decata where the harm complained of is ongoing and recurrent. And furthermore, one issue I have with this case is there's a lot of reference to the judge's decision in the 2013 case to grant the motion for settlement agreement. Obviously, I was not a party, or I was not the attorney of record at that time. There is no basis that is in the record for the judge's ruling. It doesn't exist. To accept the defendant's attorney's account of what happened would be patently unfair when it is not in the record, he had the opportunity to supplement the record, and it's just not there. With that, I think I would waive my remaining time. Thank you, counsel. The court will take this matter under advisement and issue its decision in due course. And thank you for your arguments today. And that concludes our morning oral arguments.